UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIO TRANSPORTATION DRIVERS, TEAMSTERS LOCAL #399, IBT, on Behalf of its Members Employed by POR VIDA PRODUCTIONS, LLC/SLATE OF EIGHT, LLC,<br><br>    Petitioner,<br><br>    v.<br><br>POR VIDA PRODUCTIONS, LLC; SLATE OF EIGHT, LLC; ALAN JACOBS; SCOTT W. ALVAREZ,<br><br>    Respondents. | CV09-06424 SVW (JEMx)<br><br>ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT IMPOSE SANCTIONS AGAINST RESPONDENT'S COUNSEL UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AND 28 U.S.C. § 1927 |

**I.  Rule 11 Sanctions**

Attorneys may be sanctioned under Rule 11 for presenting to the Court a pleading, written motion, or other paper that contains legal claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," or presenting factual contentions that do not "have evidentiary support." Fed. R. Civ. P. 11(b)(2)-(3).

Respondents' counsel filed a signed Motion for Relief from Default in which they stated that "the case has already been ordered to

arbitration and is, in fact, in arbitration." (Mot. at 7.) At hearing on March 23, 2010, however, former counsel for Respondents, Benjamin Zicherman, testified under oath that no state or federal court had ever ordered the parties to arbitrate. Respondents' counsel Douglas Silverstein also testified under oath that no arbitrator was ever selected and arbitration has not yet taken place. Therefore, the assertion in Respondents' motion appears to have no basis in fact.

Respondents' counsel also filed a Proposed Answer along with the Motion for Relief that included fifty-two affirmative defenses. Many of these defenses appear entirely to be frivolous and wholly inapplicable to the present Petition to Compel, including: plaintiff caused or contributed to their own damages; failure to mitigate damages; unforeseeable damages; intervening/superseding acts; proportionate fault; damages caused by unnamed entities; "Putative [sic] Damages Barred"; failure to use reasonable care; plaintiffs responsible for their own injuries; assumption of risk; "En [sic] Pari Delicto"; privilege; insufficient facts for exemplary damages; absence of required intent; no knowledge of third parties' actions; third parties acted alone; Defendant's conduct was assertion of legal rights; exclusive remedies; and failure to proceed against third parties. The Proposed Answer also cites statutes of limitations defenses under California Code of Civil Procedure §§ 335.1 and 340(c) applying to assault, battery, and personal injury, as well as libel, slander, false imprisonment, seduction, forgery, and the negligent practice of veterinary medicine. (Proposed Ans. ¶ 2.) None of these defenses are even arguably related to a motion to compel arbitration.

2

1  In addition to raising these frivolous defenses, Respondents again
2  repeated the false statement that the parties had "already been ordered
3  to arbitration in the State Court Action" several times in the Proposed
4  Answer. (Id. ¶¶ 49-50.)  Moreover, as a final affirmative defense,
5  Respondents raised the doctrines of res judicata and collateral
6  estoppel, arguments that had been expressly rejected by this Court as
7  unfounded in its order denying Respondents' motion to dismiss.
8  Accordingly, Respondents are ORDERED TO SHOW CAUSE why
9  Respondent's counsel should not be sanctioned under Fed. R. Civ. P. 11.

## II. Sanctions Under 28 U.S.C. § 1927

Petitioner requests that the Court award attorneys' fees in the amount of $6,900 incurred in opposing Respondents' Motion for Relief, as a sanction under 28 U.S.C. § 1927.  Section 1927 provides that a Court may award sanctions where "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . ."  Sanctions under § 1927 are limited to the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," and may only be awarded against those attorneys personally responsible for the improper conduct.  28 U.S.C. § 1927; see GEORGENE M. VARIO, RULE 11 SANCTIONS: CASE LAW, PERSPECTIVES AND PREVENTIVE MEASURES § 12.03, p. 760-61 (3d ed. 2004).  In the Ninth Circuit, "section 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent."  B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2001) (quoting In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th

Cir. 1996) (internal quotation marks omitted). Recklessness alone is not sufficient for an award of sanctions, however, where recklessness is combined with "something more," such as an improper purpose or indisputable knowledge of the applicable law, sanctions may be awarded. Id.; Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001).

As addressed above, the defenses raised by Respondents' counsel in the Motion for Relief from Default were based on a misstatement of fact - that is, that the case was "in fact, in arbitration." Further, given the testimony at the evidentiary hearing, it appears that Respondents' counsel knew this statement to be false at the time it was made. Counsel also raised an argument in its reply brief - that Respondents had no obligation to arbitrate because Petitioner did not serve a "formal demand for arbitration" - which appears to have no basis in the parties' Settlement Agreement or the applicable law. (See Order Denying Relief from Default, dated Mar. 24, 2010.)

Additionally, at the evidentiary hearing on March 22, 2010, Respondents' counsel, Douglas Silverstein, testified that Respondents believe that the arbitration agreement in the parties' Settlement Agreement is valid and binding,[1] and that arbitration is the proper method for resolving the current dispute. Thus, Respondents appear to concede that the Petition to Compel Arbitration is meritorious and the Court should order arbitration. In light of this fact, it appears that the only purpose for seeking Relief from Default was to further delay this litigation and to forestall the inevitable arbitration of Respondents' failure to pay the settlement amount. Indeed, at the

---

[1] Respondents' counsel also took this position in opposing Petitioner's Motion to Enforce the Settlement, which was filed in a related state court action. (See Petition, Exh. D, pg. 3.)

4

evidentiary hearing, Zicherman testified that when Petitioner's counsel was requesting that Respondents' counsel agree to or propose an arbitrator, Silverstein instructed Zicherman that they were in "no rush" to do so, and "to take it slow," or words to that effect. The Motion for Relief appears to be a further attempt to delay an arbitration that Respondents' concede is proper.

Accordingly, Respondents' counsel, Silverstein and Cohn,[2] are ORDERED TO SHOW CAUSE as to why they should not be sanctioned under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings by filing the Motion for Relief from Default. Any sanctions awarded would be in the amount of the attorneys' fees Petitioner incurred in opposing the motion.

Respondents' counsel shall respond to this Order to Show Cause no later than April 9, 2010.

IT IS SO ORDERED.

DATED:   03/24/10

STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE

---

[2] Cohn testified that he drafted the Motion for Relief from Default and that Silverstein directed him to do so. Silverstein testified that he approved of the Motion for Relief before it was filed.

5